UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARY L. VANCE                                CIVIL ACTION NO. 07-cv-1589

VERSUS                                       JUDGE HICKS

U.S. COMMISSIONER SOCIAL                     MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

Mary Lillian Vance ("Plaintiff") filed an application for Supplemental Security Income based on a number of alleged health problems. ALJ Leslie John Rodriguez denied the claim, and the Appeals Council denied a request for review. Plaintiff then filed this civil action seeking the limited judicial relief that is available under 42 U.S.C. § 405(g). It is recommended, for the reasons that follow, that the Commissioner's decision to deny benefits be affirmed.

**Summary of the ALJ's Decision**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 416.920 and described in Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). He found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (step one). He next found that Plaintiff suffered from chronic obstructive pulmonary disease, diabetes mellitus, hypertension, fibromyalgia, and anxiety, impairments that are

"severe" within the meaning of the regulations (step two) but not so severe that they meet or equal a listed impairment (step three) that would require a finding of disabled without consideration of the claimant's age, education, or work skills.

The ALJ next assessed the evidence and determined Plaintiff's residual functional capacity ("RFC"). He determined that Plaintiff had the RFC to perform light work[1], reduced by no more than five and one-half out of eight hours of walking/standing with normal rest breaks; must have no concentrated exposure to fumes, dust, odors, or gases; and has a moderately limited ability to understand, remember, and carry out detailed instructions.

Plaintiff had past relevant work in jobs including poultry eviscerator, plywood grader, cashier, nutrition aide, and teacher's aide. A vocational expert ("VE") testified that the RFC determined by the ALJ would not permit the performance of those past jobs. The ALJ accepted that testimony and found in Plaintiff's favor at step four that she could no longer perform her past relevant work.

The ALJ determined at step five that the presence of nonexertional limitations precluded exclusive reliance on the Medical-Vocational Guidelines to satisfy the Commissioner's burden of proof that there are other jobs that exist in significant numbers in

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though a job may require lifting of only very little weight, it will still be classified as light rather than sedentary if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. A person must have the ability to do substantially all of these activities to be found capable of performing the full range of light work. 20 C.F.R. §§ 404.1567(b) and 416.967(b).

the economy that the claimant could perform despite her limitations. (The applicable guidelines did provide, if Plaintiff had been able to perform the full range of light work, that Plaintiff would be deemed not disabled.) The ALJ asked the VE to assume a person with Plaintiff's RFC, age (52), education (high school equivalent), and work experience. The VE testified that such a person would be able to perform the demands of charge account clerk or credit card clerk, both of which are sedentary in nature. The ALJ accepted that testimony to satisfy the Commissioner's step five burden and determine that Plaintiff was not disabled.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Issues on Appeal**

Plaintiff's brief lists two assignments of error. She first makes a general assertion that the ALJ lacked substantial evidence to support his decision. Second, she contends that the

agency did not meet its step five burden of showing that there are jobs available in significant numbers that she could maintain.

**Medical Evidence; Hearing Testimony**

Plaintiff was evaluated by licensed psychologist Samuel D. Thomas, Ed.D. in 2006. Plaintiff reported depression beginning about a year earlier because of debt, and she said she began "hearing voices" in 1996 that told her to harm herself and others. Plaintiff reported that she was hospitalized in June 2005 for depressive symptoms, including suicidal ideation. She began attending outpatient treatment, including medication management, and she said she no longer hears voices since beginning medication. Plaintiff also denied current suicidal or homicidal intent, and she generally had a positive, euthymic mood during the interview. Plaintiff displayed weaknesses in abstract reasoning ability, immediate auditory memory, and the general fund of accumulated information when compared to other adults her age. She appeared to be functioning in the low average range of overall intellectual abilities.

Dr. Thomas diagnosed Plaintiff with major depressive disorder with psychotic features, in partial remission. He opined that emotional or mental problems would not prevent Plaintiff from working in a normal work setting, but Plaintiff would show minimal limitations in understanding, remembering, and carrying out instructions. He also opined that Plaintiff would have minimal to moderate limitations interacting appropriately with the public and co-workers. He recommended that Plaintiff continue her medication treatment for depressive symptoms. Tr. 18-22.

Plaintiff was also evaluated, at the request of counsel, by Richard Galloway, M.S.W., Ph.D. An intelligence test reflected a total score within the average range of intelligence, or at the 27th percentile. Another standardized test indicated that Plaintiff's reading, spelling, and arithmetic skills were at a fourth or fifth grade level, which Dr. Galloway said would prevent Plaintiff from performing jobs when academic skills were required. He saw no definitive vocational restrictions in the medical materials that were furnished to him. Tr. 281-85.

Plaintiff testified at a hearing that she lives with her adult daughter and two grandchildren. She claimed that her vision prevents her from reading, and the medical records include several references to Plaintiff stating that she stopped working because of vision problems. Vision problems are commonly associated with diabetes, but records of vision examinations at LSU-HSC reflect 20/20 and 20/25 vision, with a recommendation of +1.25 reading glasses. See Tr. 159-65. Notes from some of the evaluations do include complaints from Plaintiff that her reading glasses were not helping and that she had pain and watering in her eyes.

Plaintiff claimed that her fibromyalgia prevented her from writing. She also claimed that she was still depressed and cried a lot. She said her husband, a high school sweetheart, had left her for a younger woman and caused a lot of emotional pain. She takes short walks, a block or so, to help treat her diabetes. Otherwise, Plaintiff testified that her activities were limited to watching television, napping, and perhaps heating food in the microwave oven.

Plaintiff testified that she could dress herself, but she said the family performed all other housework, and she claims she could not raise her arms above her shoulders. Accordingly, she testified, her daughter more often than not has to comb her hair for her. Tr. 288-300. Just one year before the hearing, however, Plaintiff told Dr. Thomas that she dresses herself completely; "cares for her hair without assistance; sweeps; mops; cleans her room; takes out the trash; washes, dries, and puts away dishes; mows grass; washes, dries, folds, and puts away laundry; irons; changes light bulbs; cooks simple meals," and the like. Tr. 220.

Plaintiff testified that she could sit or stand only about 15 or 20 minutes at a time in either position. She denied any lifting ability for items heavier than perhaps a bottle of water. She testified that she attends church about once a month and that she can drive, but she does not have a car. Plaintiff reported that about twice a week she rides with a friend for a one-hour drive to visit her paraplegic brother in Mansfield and ensure that he is being properly cared for by his nurses. Plaintiff testified that she is paranoid in crowds and has poor memory. Tr. 300-10.

**Analysis**

Plaintiff's first assignment of error, the lack of substantial evidence to support the decision, essentially attacks the ALJ's finding of her RFC. The ALJ acknowledged that Plaintiff had a history of diabetes, hypertension, and asthma. He noted that Plaintiff had been followed at LSU-HSC for those conditions and that the medical records indicated the problems were under control. The ALJ determined that the records showed the diabetes and

hypertension were "fairly well-controlled with medication" and that her fibromyalgia was "fairly well-controlled with medication and has also improved with walking and stretching." Tr. 65. There was no suggestion that the asthma caused any unusual problems. Plaintiff does not contest those findings, and treatment records from 2006 include several references to the problems being controlled with medication, diet and exercise. See, e.g., Tr. 248-69. If an impairment reasonably can be remedied or controlled by medication or therapy, it cannot serve as a basis for a finding of disability. Johnson v. Bowen, 864 F.2d 340, 348 (5th Cir. 1988); Glenn v. Barnhart, 124 Fed. Appx. 828, 829 (5th Cir. 2005).

The medical records and consultative reports regarding Plaintiff's other medical problems provide ample evidence to support the ALJ finding of Plaintiff's rather limited RFC. The ALJ found that Plaintiff was very limited in her abilities, so he did not dismiss or treat lightly the evidence of Plaintiff's problems. The only evidence to support a more limited RFC comes from Plaintiff's testimony. The ALJ found that Plaintiff's impairments could reasonably be expected to produce symptoms, but Plaintiff's statements regarding the intensity and limiting effects of symptoms were "not entirely credible." Tr. 64. An ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). The record provides ample justification for the

ALJ's credibility assessment. Plaintiff's claims of her limitations far exceed the indications of the medical records from both treating physicians and consultative examiners.

Plaintiff faults the ALJ for alleged errors in his interpretation of the record, which affected his credibility determination. The ALJ wrote that "reports indicate that she helps take care of her paraplegic brother, drives a vehicle (when someone loans it to her), socializes with friends, attends church regularly, and walks for exercise." Tr. 65. Plaintiff states that she testified that she regularly travels (with a friend driving) to see her brother, but she does not take care of him. Plaintiff did testify to those facts, but progress notes from a treating social worker state that good progress was indicated by events such as "assists brother in Mansfield who is paraplegic." The level of that assistance is not discussed in detail, and perhaps the ALJ's language suggests that Plaintiff has a greater role in the care of her brother than the evidence supports, but any mistake in that regard is relatively minor in light of the other evidence. See Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case). See also Palomo v. Barnhart, 154 Fed.Appx. 426, n. 13 (5th Cir. 2005).

Plaintiff faults the ALJ's statement that she drives a vehicle. Plaintiff did testify that she does not drive, but the same report from the social worker states that Plaintiff's "son-in-law allows her to use his car" and that Plaintiff "drove self" to the appointment. Tr. 260. Notes from the prior month's appointment also indicate that Plaintiff drove herself. Tr. 261. Other visits indicate that Plaintiff was driven by a friend or relative. Tr. 255-58. Plaintiff

also faults the ALJ's statement that she attends church regularly, noting that she testified that she attends only about once a month. That is correct, but Plaintiff stated in her function report that she attends church "each Sunday." Tr. 97. These conflicts between the testimony and the records, though perhaps subject to an explanation, do not undermine the ALJ's credibility assessment. Rather, they support it. There was substantial evidence to support the ALJ's RFC finding.

Plaintiff's second issue is a general assertion that the ALJ somehow failed with regard to his step-five duty to determine whether there were other jobs available in significant numbers that Plaintiff could maintain. The ALJ acknowledged that Plaintiff had nonexertional limitations that precluded exclusive reliance on the Guidelines to meet the step five burden, so he also received uncontested VE testimony that supported the conclusion suggested by the Guidelines. That was sufficient to satisfy the agency's burden. Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987).

Plaintiff's argument about maintaining an available job invokes the Fifth Circuit's Singletary decision, which interpreted disability under the Act to apply to cases in which a person is capable of working for short periods but can not *maintain* a job because his impairment flares up too often. Singletary does not, however, require every decision by an ALJ include a separate finding regarding the claimant's ability to maintain a job. Frank v. Barnhart, 326 F.3d 618, 621 (5th Cir. 2003). An ALJ's finding that a claimant can perform a certain level of work necessarily includes a finding that he is able to perform at that level

not just intermittently but eight hours a day, five days a week. A separate and express finding regarding maintaining work is required only when the claimant's ailment "waxes and wanes in its manifestation of disabling symptoms." Id. See also Dunbar v. Barnhart, 330 F.3d 670 (5th Cir. 2003). The ALJ's basic decision with respect to disability was, as explained above, proper, and there is no indication in this record that a separate finding with regard to maintaining employment was required.

Accordingly;

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **affirmed** and that Plaintiff's complaint be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of August, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE